IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FIRST AMERICAN TITLE**
**INSURANCE COMPANY,**
**STEWART TITLE GUARANTY**
**COMPANY and OLD REPUBLIC**
**NATIONAL TITLE INSURANCE**
**COMPANY**,

      Plaintiffs,

   vs.                                    No. 1:11-CV-00391-MCA-ACT

**MANUEL ORTIZ, SR., LAWRENCE**
**M. ORTIZ, LEANDRO A. ORTIZ,**
**MELISSA R. ORTIZ, RAYMOND I.**
**TRUJILLO, HERMAN F.**
**GONZALES, and LA MERCED DE**
**ARROYO HONDO, d/b/a Arroyo**
**Hondo Grant,**

      Defendants.

## ORDER AND NOTICE OF HEARING

**THIS MATTER** is before the Court on Plaintiffs' *Unopposed Motion For Hearing on All Motions That Are Pending Before the Court*. [Doc. 43] Plaintiffs seek a hearing on four motions pending before the Court: (1) Plaintiffs' *Motion for Default Judgment as to Defendants Manuel Ortiz, Sr., Lawrence M. Ortiz, Leandro A. Ortiz, Melissa Ortiz, and La Merced de Arroyo Hondo d/b/a Arroyo Hondo Grant* [Doc. 19]; (2) Plaintiffs' *Motion for Judgment on the Pleadings With Respect to Raymond I. Trujillo and Herman F. Gonzales* [Doc. 20]; (3) Plaintiffs' *Motion for Summary Judgment and*

*Request for Expedited Consideration of Same* [Doc. 26]; and (4) Defendants' *Motion For Leave to File an Amended Consolidated Answer on Behalf of Certain Defendants* [Doc. 27].

Before it can address the merits of the parties' motions, the Court has an independent obligation to determine whether subject matter jurisdiction exists.  See 1mage Software, Inc. v. Reynolds and Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).  Accordingly, Plaintiffs' unopposed motion for hearing is granted in part, **limited** solely to the issue of standing and specifically in the context of whether Plaintiffs' *Motion for Summary Judgment* is supported by sufficient evidence demonstrating that there is no genuine issue of material fact with respect to standing.

"In every federal case, the party bringing the suit must establish standing to prosecute the action." Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11 (2004).

> To show that he has Article III standing, a plaintiff must demonstrate three elements: injury in fact, traceability, and redressability. To demonstrate an injury in fact, a plaintiff must show he has suffered an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. The element of traceability requires the plaintiff to show that the defendant is responsible for the injury, rather than some other party not before the court. Finally, the requirement of redressability ensures that the injury can likely be ameliorated by a favorable decision.

S. Utah Wilderness Alliance v. Office of Surface Mining Reclamation and Enforcement, 620 F.3d 1227, 1233 (10th Cir. 2010).  "The burden to establish standing rests on the party invoking federal jurisdiction, and the evidence needed to carry that burden depends on the stage of litigation." Essence, Inc. v. City of Federal Heights, 285 F.3d 1272, 1280

(10th Cir. 2002) (internal quotation marks and citations omitted).  "When the procedural posture of the case is a Federal Rule of Civil Procedure 56 motion for summary judgment and plaintiffs' standing is at issue, to prevail on such a motion a plaintiff must establish that there exists no genuine issue of material fact as to justiciability, and mere allegations of injury, causation, and redressability are insufficient."  Id. (internal quotation marks and citation omitted).

In this case, Plaintiffs have alleged two types of injuries: (1) contingent liability on title insurance policies issued before Defendants filed their Deeds and Declarations and (2) loss of business after Defendants filed their Deeds and Declarations.  At oral argument, the parties should be prepared to address whether the proof submitted in support of Plaintiffs' *Motion for Summary Judgment*, namely, the affidavits of David Height, owner of First New Mexico Title & Abstract Company, Inc. and John Kejr, President of the Taos County Association of Realtors, [Docs. 26-3 and 26-6] are sufficient, at this stage of the litigation, to demonstrate that Plaintiffs suffered these alleged injuries.  For example, with respect to Plaintiffs' first alleged injury, the parties should be prepared to address whether these affidavits are sufficient to demonstrate that:

- Plaintiffs issued title insurance policies on properties located within the exterior boundaries of the Arroyo Hondo Grant;
- Under the terms of these title insurance policies, Plaintiffs are exposed to liability to their insureds for defects in title caused by the filing of the Deeds and Declarations; and
- This contingent liability has resulted in an actual or imminent harm to Plaintiffs.

See Protocols, LLC v. Leavitt, 549 F.3d 1294, 1299 (10th Cir. 2008) (holding that a contingent liability may present an injury in fact if the consequences of that liability are actual or imminent).  With respect to Plaintiffs' second alleged injury, the parties should be prepared to address whether these affidavits are sufficient to demonstrate that:

- Plaintiffs had a legally protected interest in prospective real estate transactions within the exterior boundaries of the Arroyo Hondo Grant; and
- This legally protected interest was injured by the filing of the Deeds and Declarations.

See S. Utah Wilderness Alliance, 620 F.3d at 1233.  Additionally, the parties should be prepared to address whether Plaintiffs' alleged injuries are traceable to the filing of the Deeds and Declarations (as opposed to United States Patent No. 159) and redressable by a favorable ruling from this Court.

    Oral argument will be held on **Tuesday, March 6, 2012.**

    **IT IS THEREFORE HEREBY ORDERED** that Plaintiffs' *Unopposed Motion For Hearing on All Motions That Are Pending Before the Court* is **GRANTED IN PART**.  [Doc. 43]

    **IT IS FURTHER ORDERED** that Oral Argument is set for <u>**March 6, 2012 at the hour of 3:00 p.m.**</u>  at the Pete V. Domenici United States Courthouse 333 Lomas Boulevard NW, Chama Courtroom (Fourth Floor) Albuquerque, New Mexico and the argument is limited solely to the issue of standing and specifically in the context of

whether Plaintiffs' *Motion for Summary Judgment* is supported by sufficient evidence demonstrating that there is no genuine issue of material fact with respect to standing.

**SO ORDERED** this 23rd day of February, 2012 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
United States District Judge